UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A. | ) |
| **Plaintiff** | ) ) ) |
| | ) Case No. _____ |
| v. | ) ) |
| GLENN E. PATCH TRUST U/A DATED MAY 2, 2005 AS AMENDED; GLENN E. PATCH, TRUSTEE OF THE GLENN E. PATCH TRUST U/A MAY 2, 2005; AND GLENN E. PATCH | ) ) ) ) ) |
| **Defendants.** | ) ) ) |

## COMPLAINT

COMES NOW Plaintiff Bank of America, N.A. (the "Bank") and for its Complaint For Damages against the Glenn E. Patch Trust u/a dated May 2, 2005 as amended (the "Trust"), Glenn E. Patch, trustee of the Glenn E. Patch Trust u/a dated May 2, 2005 as amended (the "Trustee"), and Glenn E. Patch individually ("Patch"), hereby states as follows:

1. The Bank is a national banking association organized and existing in good standing under the laws of the United States with its place of business in Charlotte, North Carolina.

2. Glenn E. Patch ("Patch") is an individual who, in both his individual capacity and in his capacity as the trustee of the Glenn E. Patch Trust u/z dated May 2, 2005 as amended (the "Trustee"), resides at 4420 Washington Avenue, Titusville, Florida.

3. The Glenn E. Patch Trust u/a dated May 2, 2005 as amended (the "Trust") is a trust whose citizenship is determined by the citizenship of Patch; therefore, the Trust has its place of business and maintains citizenship in Florida based on the Patch's Florida citizenship and residence at 4420 Washington Avenue, Titusville, Florida.

4. Jurisdiction in this action is proper pursuant to 28 U.S.C. § 1332 because (a) the matter in controversy exceeds $75,000, and (b) the Bank is a citizen of a state different than the citizenship of each of the defendants.

5. Venue in this action is proper pursuant to 28 U.S.C. § 1391 because the loans in question relate to commercial transactions conducted in the Western District of Missouri and in the loan documents described hereafter, the parties agreed that venue was proper in this Court.

## FACTS COMMON TO ALL COUNTS

6. Effective January 1, 2007, the Trust through the Trustee executed an Amended and Restated Deed of Trust Note A evidencing loan #307 ("Note A") in the principal amount of $7,147,000 in favor of the Bank. A true and correct copy of Note A is attached hereto and marked Exhibit A.

7. Effective October 1, 2008 the Trust through the Trustee executed a Second Amended and Restated Deed of Trust Note B evidencing loan # 331 ("Note ") in the principal amount of $1,500,000 in favor of the Bank. A true and correct copy of Note B is attached hereto and marked Exhibit B.

8. On October 11, 2006, the Trust, through the Trustee executed a Loan Agreement (the "Loan Agreement") governing the terms and conditions of repayment of Note A and Note B. A true and correct copy of the Loan Agreement is attached hereto and marked Exhibit C.

9. Pursuant to the terms of the Note A and Note B, the Trust and the Trustee agreed that venue for this action is appropriate in the Western District of Missouri.

10. Pursuant to Note A, Note B, and the Loan Agreement (along with all documents related thereto, collectively the "Loan Documents"), the Bank lent the Trust the principal

amounts set forth in each promissory note subject to the repayment terms of the Loan Documents.

11. In conjunction with the execution of the Loan Agreement, Patch executed a Continuing and Unconditional Guaranty (the "Guaranty") personally guarantying payment of the debts owed by the Trust and the Trustee to the Bank, including the debts owed under Note A and Note B. A true and correct copy of the Guaranty is attached hereto and marked Exhibit D.

12. In consideration of the Bank entering into the loan relationship with the Trust and to induce the Bank to extend credit to the Trust, Patch executed the Guaranty in favor of the Bank.

13. The Bank relied on the execution of the Guaranty by Patch as a condition to advancing funds to the Trust under the Loan Documents.

14. But for the execution of the Guaranty, the Bank would not have lent money to the Trust under the Loan Documents.

15. Pursuant to the terms of the Guaranty, Patch agreed that venue for this action is appropriate in the same court as an action brought against the Trust and the Trustee, namely the Western District of Missouri.

16. Effective January 9, 2007 the Bank, the Trustee, the Trust and Patch entered into a First Modification Agreement, a true and correct copy of which is attached hereto and marked Exhibit E.

17. Effective October 7, 2007 the Bank, the Trustee, the Trust and Patch entered into a Second Modification Agreement, a true and correct copy of which is attached hereto and marked Exhibit F.

18. Effective November 30, 2009, the Bank, the Trustee, the Trust and Patch entered into a Third Modification and Forbearance Agreement, a true and correct copy of which is attached hereto and marked Exhibit G.

19. Effective April 1, 2010, the Bank, the Trustee, the Trust and Patch entered into a Fourth Modification and Forbearance Agreement, a true and correct copy of which is attached hereto and marked Exhibit H (along with the Third Modification and Forbearance Agreement, collectively the "Forbearance Agreements").

20. Pursuant to the Forbearance Agreements, the Trustee, the Trust and Patch acknowledged that each of Note A and Note B had matured, acknowledged the amount and extent of the debts owing to the Bank under the Loan Documents, admitted they had no basis for defense, counterclaim, or offset with respect to such debt, and waived any defenses, counterclaims or offsets with respect thereto.

21. The forbearance period under the Forbearance Agreements expired on November 1, 2010 (the "Forbearance Expiration Date") and as a consequence all amounts under the Loan Agreements and the Guaranty are now due and owing.

22. As of December 17, 2010, after all just and due credits have been given, the amount owing under the Loan Documents is as follows:

    a. Note A: (i) $5,755,616.76 of principal; (ii) $95,768.72 of accrued and unpaid interest as of December 17, 2010; (iii) late charge of $233,363.42; (iv) accruing interest from and after December 17, 2010 until fully paid; (v) attorneys fees, reconveyance fees, recording fees and collection costs; and (vi) post-judgment interest at the highest rate permitted by law.

b. Note B: (i) (i) $250,791.76 of principal; (ii) $25,049.94 of accrued and unpaid interest as of December 17, 2010; (iii) late charges of $10,956.68; (iv) accruing interest from and after December 17, 2010 until fully paid; (v) attorneys fees, reconveyance fees, recording fees and collection costs; and (vi) post-judgment interest at the highest rate permitted by law.

The amounts set forth in subparagraphs (a) and (b) are hereinafter collectively referred to as the "Indebtedness."

23. The Loan Documents and the Guaranty provide for the payment of attorneys fees and costs of collection incurred in attempting to collect amounts owing thereunder.

24. The Loan documents provide that the Defendants each waive their right to a jury trial of the issues presented in this Complaint and such waivers were made knowingly and voluntarily.

## Count I - Suit on Notes Against the Trust and the Trustee

25. The Bank hereby incorporates paragraphs 1 through 24 above as though fully set out herein.

26. Despite the Maturity and the occurrence of the Forbearance Expiration Date, the Trust and the Trustee are legally obligated, but have failed, to pay the Indebtedness.

WHEREFORE, Bank of America, N.A. prays that the Court enter a judgment in its favor and against Glenn E. Patch Trust u/a Dated May 2, 2005 as amended and Glenn E. Patch, in his capacity as Trustee of the Glenn E. Patch Trust u/a May 2, 2005: (a) in the amount of $6,371,547.28 as of December 17, 2010, plus accruing interest from and after December 17, 2010 to the date of judgment, attorneys fees, reconveyance fees, recording fees and collection

costs, post-judgment interest at the highest rate permitted by law, and (b) granting such other and further relief as is just.

## Count II – Suit on Guaranty – Glenn E. Patch

27. The Bank hereby incorporates paragraphs 1 through 26 above as though fully set out herein. Despite the Maturity and the occurrence of the Forbearance Expiration Date, Patch is legally obligated, but has failed, to pay the Indebtedness.

WHEREFORE, Bank of America, N.A. prays that the Court enter a judgment in its favor and against Glenn E. Patch: (a) in the amount of $6,371,547.28 as of December 17, 2010, plus accruing interest from and after December 17, 2010 to the date of judgment, attorneys fees, reconveyance fees, recording fees and collection costs, post-judgment interest at the highest rate permitted by law, and (b) granting such other and further relief as is just.

Respectfully submitted,

STINSON MORRISON HECKER LLP

By: /s/ Mark A. Shaiken
Mark A. Shaiken MO #42113
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
Phone: (816) 842-8600
FAX: (816) 691-3495
mshaiken@stinson.com

ATTORNEYS FOR BANK OF AMERICA, N.A.