## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| **BANK OF AMERICA, N. A.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 10-3510-CV-SW-RED** |
| | ) | |
| **GLENN E. PATCH TRUST, GLENN** | ) | |
| **E. PATCH TRUSTEE, GLENN** | ) | |
| **E. PATCH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Plaintiff Bank of America, N.A.'s Motion for Summary Judgment (Doc.

11).  For the reasons below, the Court **GRANTS** the Motion.

## BACKGROUND

Plaintiff Bank of America, N.A ("Plaintiff") filed this action against Defendants Glenn E.

Patch Trust u/a dated May 2, 2005, as amended ("Trust"), and Glenn E. Patch ("Patch") as

trustee and in his individual capacity (collectively referred to as "Defendants") to recover on

loans extended by Plaintiff to the Trust.  The Trust entered into a loan transaction with Plaintiff

which resulted in the issuance of  a Loan Agreement, an Amended and Restated Deed of Trust

Note A ("Note A"), and a Second Amended and Restated Deed of Trust Note B ("Note B").

After Defendants failed to pay the amounts due under Note A and Note B, Plaintiff filed its

Complaint (Doc. 1) against Defendants, which contains two counts.  Count I is asserted against

the Trust and Patch as trustee to recover on Note A and Note B.  Count II is asserted against

Patch in his individual capacity as a guarantor on the loan transaction, because Patch signed a

Continuing and Unconditional Guaranty ("Guaranty") for the entire amount owed under the

loans.

Plaintiff seeks to recover $5,860,523.25 in principal under Note A in addition to interest and fees amounting to a total of $6,298,907.43, plus interest at a per diem rate of $1099.17 and $250,791.76 in principal under Note B in addition to interest and fees amounting to a total of $298,894.89, plus interest at a per diem rate of $1,180.79. Plaintiff also seeks to recover attorneys' fees and expenses totaling $30,516.58.

## STANDARD

On a motion for summary judgment, a court must view the record in a light most favorably to the nonmoving party. *Taylor v. St. Louis Cnty. Bd. of Election Comm'rs*, 625 F.3d 1025, 1026-27 (8th Cir. 2010). Summary judgment is appropriate where "there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

## DISCUSSION

*The documents in the record demonstrate that Plaintiff is entitled to summary judgment.*

The Court must decide whether Plaintiff has met its burden demonstrating that there is no genuine dispute concerning any material fact and it is entitled to judgment as a matter of law. First, the Court notes that Defendants have admitted every single fact set forth by Plaintiff in support of its Motion for Summary Judgment. Defendants, in their response to the Motion, purport to deny only five facts. For all five denials, Defendants state they are "without sufficient information or knowledge with which to admit or deny the allegations." (Response Doc. 13 p. 4, 7, 8). Defendants' responses may constitute a proper denial when given in a responsive pleading, but at the summary judgment stage all denials must be supported by the record with a citation to

2

the portion of the record that supports the denial.[1]  Failure to specifically controvert a fact constitutes an admission of that fact.  L.R. 56.1(a).  As such, all facts set forth by Plaintiff in support of summary judgment are deemed admitted by Defendants.  *Id*.

Plaintiff first moves for summary judgment on Count I, asserted against the Trust and Patch as trustee, for recovery on Note A and Note B.  In order to recover on Notes A and B, Plaintiff must 1) produce the notes that are 2) signed by the Trust and Trustee and 3) show the amount due under the notes.  *Student Loan Mktg. Ass'n v. Holloway*, 25 S.W.3d 699, 701 (Mo. Ct. App. 2000).  Plaintiff has attached the necessary documents entitling them to summary judgment on Count I, as the loan documents and Affidavit of Thomas L. Hidder show the existence of two notes, Note A and Note B, which were signed by Patch as trustee, the amounts that are owed under the Notes and that Defendants have failed to pay the amounts owed.

Plaintiff also moves for summary judgment on Count II, asserted against Patch in his individual capacity, for recovery under the Guaranty. In order for Plaintiff to recover under the Guaranty, Plaintiff must show 1) Patch executed a guaranty 2) that he unconditionally delivered to Plaintiff, 3) Plaintiff loaned money to the Trust in reliance on the guaranty and 4) the guaranty covers the amount that is "currently due and ow[ed]" by the Trust to Plaintiff.  *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. 1993).  Plaintiff has again attached the necessary documents demonstrating that an unconditionally delivered guaranty was signed by Patch, Plaintiff relied on the guaranty before loaning money to the Trust

---

[1] L.R. 56.1(a) provides that a party opposing summary judgment shall set forth each fact in dispute "in a separate paragraph, shall refer specifically to those portions of the record upon which the opposing party relies, and, if applicable, shall state the paragraph number in movant's listing of facts that is disputed."  If the opposing party does not specifically controvert any fact set forth by the movant, any fact not controverted is deemed admitted.  *Id*.

and that there is a current amount due and owed to Plaintiff that the guaranty covers.

Defendants raise only one argument in opposition to an entry of summary judgment. Defendants argue that summary judgment cannot be entered in Plaintiff's favor because "the ultimate amount of damages due" to Plaintiff cannot be determined until the collateral securing Note A and Note B are sold. (Response Doc. 13 p. 10). Defendants do not cite any authority in support of their argument. Plaintiff responds by arguing that it may pursue any remedy available to it in order to recover the debt owed by Defendants. In support, Plaintiff cites *Belote v. McLaughlin*, 673 S.W.2d 27, 30 (Mo. 1984) for the proposition that:

> although there can be but one satisfaction of the amount of a debt, a principal debt
> or obligation secured collaterally by another obligation gives rise to a separate
> cause of action on each obligation; different actions may be brought, and
> judgment on either one does not bar action on the other so long as any part of the
> principal debt remains unpaid.
> *Id.*

In *Belote*, the court reasoned that the plaintiffs could not sue under the note because they did not assert their claim as a counterclaim in an earlier action filed by the borrowers against the plaintiffs. *Id.* at 29-30. However, the court specifically found that the plaintiffs could still maintain a foreclosure action against the borrowers while recognizing authority standing for the proposition that a party could sue on the note or foreclose, and could maintain either action at separate times. *Id.* at 30-31.

The Court finds the reasoning in *Belote* persuasive even if not entirely on point with the issue before the Court. Notably, if this Court were to hold that the collateral must first be sold before damages can be determined, it would effectively deprive Plaintiff the option of which remedy to pursue in order to recover the debts owed by Defendants. This appears to be inconsistent with the Missouri Supreme Court's decision in *Belote*, which recognized a plaintiff

4

's right to pursue two separate actions to recover a debt secured by collateral.  In any event,

Defendants have already admitted the full amount of damages owed to Plaintiff because Plaintiff

listed the full amounts due under Notes A and B, including interest, fees, attorneys' fees and

expenses, as part of the facts supporting its Motion for Summary Judgment.  As discussed above,

Defendants admitted all facts.  As such, the Court finds that Plaintiff is entitled to an entry of

summary judgment in its favor  on Counts I and II.

> *Plaintiff is entitled to attorneys' fees and expenses.*

Plaintiff has demonstrated it is entitled to an entry of summary judgment in its favor.  The

loan documents executed by Defendants allow Plaintiff to recover attorneys' fees and expenses.

Plaintiff now seeks an award of $27,799.19 in attorneys' fees and $2,717.39 in expenses.

Defendants do not dispute that Plaintiff is entitled to attorneys' fees and expenses.

Rather, Defendants argue that Plaintiff has not supported its request for attorneys' fees with a

sufficiently detailed itemization of the fees incurred, including dates the fees were incurred, the

amount of time spent on each project incurring the fees, and the hourly rates charged.  However,

Defendants' argument is without merit because the invoices submitted by Plaintiff provide the

dates the attorneys' fees and expenses were incurred, and with respect to attorneys' fees, the

hourly rates charged and the amount of time spent on projects.

When a party is entitled to attorney's fees pursuant to a contract, the Court must award

attorney's fees.  *Clean Uniform Co. St. Louis v. Magic Touch Cleaning, Inc.*, 300 S.W.3d 602,

612 (Mo. Ct. App. 2009).  As such, attorneys' fees are recoverable if they are agreed to in a

promissory note or guaranty.  *See First State Bank of St. Charles, Mo. v. Frankel*, 86 S.W.3d

161, 176 (Mo. Ct. App. 2002) (awarding attorneys' fees under a guaranty)*; Roberts v. Rider*, 924

S.W.2d 555, 558 (Mo. Ct. App. 1996) (noting attorneys' fees are recoverable under promissory notes).

The loan documents provide that Plaintiff is to be reimbursed for attorneys' fees and expenses incurred and the Court will grant the request for attorneys' fees and expenses in the full amount. Notably, Defendants do not dispute that the amount of attorneys' fees and expenses itself is unreasonable and after reviewing the invoices, the Court finds the amount requested to be reasonable. However, the Court takes issue with the manner in which Plaintiff attempts to prove its attorneys' fees are reasonable. The summary of the attorneys' hourly rates submitted to the Court is misleading because it states significantly reduced hourly rates from those that were actually charged. The Court also notes that the cases cited by counsel in Mark Shaiken's Affidavit in support of the request for attorneys' fees and expenses are of no help, as the Court could not find the first case because it is mis-cited in the Affidavit and the second case does not contain any mention of the hourly rates approved of by the court. In summation, this Order is not to be considered an approval of the actual hourly rates set out in the invoices, but rather is an approval of the overall amount billed to Plaintiff, which was the beneficiary of a fifteen percent discount.

## CONCLUSION

For the reasons above, Plaintiff is entitled to an entry of summary judgment in its favor on Counts I and II. As such, the Court **ORDERS** the Clerk of the Court to enter summary judgment against Glenn E. Patch Trust u/a dated May 2, 2005, as amended and Glenn E. Patch as trustee under Count I and against Glenn E. Patch in his individual capacity under Count II, for: $6,298,907.43, plus interest at a per diem rate of $1099.17 under Note A; and $298,894.89, plus

interest at a per diem rate of $1,180.79 under Note B; and attorney's fees and expenses in the amount of $30,516.58.

**IT IS SO ORDERED.**

DATED:     July 25, 2011                    _____/s/ Richard E. Dorr_____
                                            RICHARD E. DORR, JUDGE
                                            UNITED STATES DISTRICT COURT